IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BEAR ARCHERY, INC.,

                                          Plaintiff,

     v.

AMS, LLC,

                                          Defendant.

OPINION and ORDER

18-cv-329-jdp

---

Plaintiff Bear Archery, Inc., and defendant AMS, LLC, manufacture and sell bowfishing equipment. Bear Archery has sued AMS for infringement of U.S. Patent No. 9,383,160 ("the '160 patent"). AMS contends that the '160 patent is invalid, and it filed a request for *ex parte* reexamination with the United States Patent and Trademark Office. The USPTO granted AMS's request, which means that the USPTO has concluded that AMS has raised a substantial new question of patentability.

Bear Archery moves to stay the case pending the result of *ex parte* reexamination. Dkt. 31. AMS opposes. Dkt. 32. Bear Archery asks to for leave to file a reply, Dkt. 33, which the court will allow.

A stay pending reexamination will undoubtedly delay the trial of this case. The court would be reluctant grant a stay over Bear Archery's objection. But the results of the reexamination might simplify the case, or even end it if the patent is invalidated. So, for the reasons explained below, the court will stay this case until the reexamination is resolved.

ANALYSIS

In considering a motion for a stay, the court must "'balance interests favoring a stay against interests frustrated by the action' in light of the court's strict duty to exercise jurisdiction in a timely manner." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (quoting *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). Courts typically consider four factors:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Id.* (internal citations omitted). As the moving party, Bear Archery has the burden to show that circumstances justify a stay. *See Nken v. Holder,* 129 S. Ct. 1749, 1761 (2009).

Factor 1. This case is not at a particularly early stage (it has been pending for about eight months), but it is not so late in litigation that a stay would waste a lot of work already completed. This court has denied stays when trial is imminent or when trial has already occurred. *See e.g. Douglas Dynamics, LLC v. Buyers Prod. Co.*, No. 09-CV-261-wmc, 2014 WL 580891 (W.D. Wis. Feb. 13, 2014), *aff'd*, 628 F. App'x 767 (Fed. Cir. 2016); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-bbc, 2015 WL 2248437 (W.D. Wis. May 13, 2015). Here, the trial date is more than seven months away and the parties have not yet filed dispositive motions.

Factor 2. AMS requested the *ex parte* reexamination, so the court is not sympathetic to its claims of prejudice. AMS says that the cloud of pending litigation diminishes its sales and damages its good will, but those are just unsupported allegations. Usually, this court would be receptive of a party's demand for a speedy trial in opposition to a motion for a stay. But here

it was AMS who asked the USPTO to take up a significant issue—the validity of the '160 patent—that AMS had already raised in this court.

Factors 3 and 4. It is inefficient and unnecessarily burdensome for the parties to litigate the same question in two forums, which is what would happen without a stay. The USPTO has decided that AMS has raised a substantial new question of validity, so its decision will likely affect this litigation. If all the claims of the '160 patent are invalidated, that would greatly simply this case by ending it, and all the work in this court would be for naught. AMS seems to think that the reexamination would have no effect on infringement, but if the claims are amended during the reexamination, that would change the scope of the claims and affect both infringement and validity. Even if all the claims of the '160 patent survive without amendment, the fact of the reexamination would affect how AMS would present its invalidity case, because additional prior art would have been presented to the examiner. So, no matter what, the reexamination will affect this case.

This case will be stayed until the USPTO issues its final written decision. At that point, the parties should promptly inform the court of the USPTO's decision. If the patent survives, the court will set a conference to reschedule the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Bear Archery, Inc.'s motion to stay, Dkt. 31, is GRANTED. The case is stayed pending the result of *ex parte* reexamination by the United States Patent and Trademark Office.

2. Plaintiff Bear Archery, Inc.'s motion for leave to reply, Dkt. 33, is GRANTED.

Entered February 4, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge